**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clayda L Lozoya, | No. CV-22-00065-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| National Mobility Eldercare Incorporated, | |
| Defendant. | |

At issue is Defendant National Mobility Eldercare Incorporated's ("National Mobility") motion to dismiss (Doc. 25) Plaintiff Clayda Lozoya's amended complaint (Doc. 22), which is fully briefed (Docs. 29, 30). National Mobility's motion is denied.

## I.    Legal Standard

The Federal Rules of Civil Procedure require a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Well-pled factual allegations are accepted as true and construed in the light most favorable to the pleader. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). What's more, the Court liberally construes the pleadings of self-represented parties, like Ms. Lozoya, and afford them the benefit of

1   any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

2   **II.      Factual Allegations**

3           National Mobility hired Ms. Lozoya as a dispatcher in October 2018. In February

4   2020, Ms. Lozoya signed an employment contract for a term of one year. Ms. Lozoya

5   performed her job satisfactorily and received no disciplinary actions.

6           In June 2020, Ms. Lozoya injured herself at work. She subsequently was diagnosed

7   with De Quervain's tenosynovitis (also called radial styloid tenosynovitis). Her injury

8   limited her ability to use her left hand and fingers. A couple days after her injury, Ms.

9   Lozoya told her employer that she would need assistance with her job duties and supplied

10  her supervisor with a doctor's note indicating the need for work restrictions. Ms. Lozoya

11  was told to use a voice-to-text function to minimize the need for her to type. But when she

12  complained to her operations manager that the voice-to-text function was not working, she

13  was terminated.

14          Ms. Lozoya believes National Mobility fired her because it did not want to engage

15  in an interactive process to accommodate her disability, in violation of the Americans with

16  Disabilities Act ("ADA"). She also believes that her termination constituted a breach of

17  her one-year employment contract. Ms. Lozoya filed a claim with the Equal Employment

18  Opportunity Commission, which elected not to pursue the case but issued Ms. Lozoya a

19  notice of right to sue letter.

20  **III.     Discussion**

21      **A. ADA Claim**

22          To state a plausible failure-to-accommodate claim under the ADA, Ms. Lozoya

23  must allege that: (1) she is disabled within the meaning of the ADA; (2) she is qualified to

24  perform the essential functions of her job with reasonable accommodation; (3) she

25  requested an accommodation; (4) National Mobility knew of the requested

26  accommodation; and (5) National Mobility failed to reasonably accommodate her

27  disability. *See Allen v. Pacific Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003); *Iwaniszek v. Pride

28  Transport, Inc.*, No. 2:17-cv-02918-JCM-BNW, 2021 WL 634991, at *3 (D. Nev. Feb. 17,

1   2021). "The ADA defines the term 'disability' as: '(A) a physical or mental impairment

2   that substantially limits one or more of the major life activities of such individual; (B) a

3   record of such an impairment; or (C) being regarded as having such an impairment.'"

4   *Puckett v. Park Place Entertainment Corp.*, 332 F.Supp.2d 1349, 1352-53 (D. Nev. Aug.

5   17, 2004) (quoting 42 U.S.C. § 12102(2)).

6         Ms. Lozoya's amended complaint, liberally construed, states a plausible ADA

7   failure-to-accommodate claim. Ms. Lozoya alleges: (1) that she is disabled within the

8   meaning of the ADA because De Quervain's tenosynovitis limits her ability to use her left

9   hand and fingers, including for work-related tasks, s*ee Shields v. Credit One Bank, N.A.*,

10   32 F.4th 1218, 1226 (9th Cir. 2022) (finding a complaint plausibly alleged limitations on

11   major life activities where the plaintiff claimed her injury rendered her "unable to perform

12   some of the core physical tasks included in her job description, such as lifting, reaching,

13   fingering, and handling"); (2) she was qualified to perform her job and did so satisfactorily

14   until her injury; (3 & 4) she notified National Mobility of her injury and her need for

15   workplace accommodations; yet (5) National Mobility terminated her rather than engage

16   in an interactive process to determine whether Ms. Lozoya's disability could be reasonably

17   accommodated. These allegations satisfy Rule 8's short and plain statement requirement

18   and reasonably put National Mobility on notice of the factual and legal basis of the ADA

19   claim against it.

20   **B.  Breach of Contract Claim**

21   Under Arizona law:

22       The employment relationship is severable at the pleasure of
    either the employee or the employer unless both the employee

23       and the employer have signed a written contract to the contrary
    setting forth that the employment relationship shall remain in

24       effect for a specified duration of time or otherwise expressly
    restricting the right of either party to terminate the employment

25       relationship. Both the employee and the employer must sign
    this written contract, or this written contract must be set forth

26       in the employment handbook or manual or any similar
    document distributed to the employee, if that document

27       expresses the intent that it is a contract of employment, or this
    written contract must be set forth in a writing signed by the

28       party to be charged. Partial performance of employment shall
    not be deemed sufficient to eliminate the[se] requirements[.]

A.R.S. § 23-1501(A)(2). "In determining whether an employment contract or other document satisfies these requirements," the Court applies "common law principles of contract interpretation and give[s] effect to the parties' intent." *White v. AKDHC, LLC*, 664 F.Supp.2d 1054, 1063 (D. Ariz. 2009) (quotations and citation omitted).

Ms. Lozoya alleges that she signed a contract for a one-year employment term, and that National Mobility breached that contract by terminating her employment before the year was up. She also attaches a copy of the document she claims is her employment contract. That document, dated February 19, 2020, indicates that National Mobility had offered to increase Ms. Lozoya's hourly compensation and convert her to salaried status in exchange for, among other things, a one-year commitment to work for the company. The document includes signature lines, but no signatures.

National Mobility makes two arguments for dismissal. First, it argues that, on its face, the alleged employment contract does not restrict its right to terminate the employment relationship. Although the alleged employment contract does not say Ms. Lozoya "shall" work for National Mobility for a one-year period, it plausibly reflects an understanding that Ms. Lozoya would remain with National Mobility for at least that amount of time. Because the proper interpretation of this provision likely will depend on an assessment of the parties' intent and reasonable expectations, the Court finds dismissal on the pleadings inappropriate.

Next, National Mobility argues that Ms. Lozoya cannot plausibly overcome the presumption of at-will employment because the alleged employment contract is not signed by either party. If this were a summary judgment motion, the Court would agree. But this case is at the pleading stage, and the Court must draw all reasonable inferences and give every benefit of the doubt to Ms. Lozoya. Discovery might reveal the existence of a signed version of this document, either in Ms. Lozoya's possession or in National Mobility's. If a signed version does not exist, then Ms. Lozoya's breach of contract claim will fail. But Ms. Lozoya has alleged enough information to make it plausible that she and National Mobility entered into a binding employment contract for a specified duration. For these reasons,

**IT ORDERED** that National Mobility's motion to dismiss (Doc. 25) is **DENIED**.

Dated this 15th day of August, 2023.

Douglas L. Rayes
United States District Judge